# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD WANDELL, JR.,** <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | Crim. No. 2:15-00491 <br><br> **ORDER** |

**THIS MATTER** comes before the Court on *pro se* Petitioner Richard Wandell, Jr.'s petition for a writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651 (ECF No. 17). The petition is unopposed. On September 22, 2015, Petitioner pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2. ECF Nos. 9–13. On June 30, 2016, the Court sentenced Petitioner to 155 months of incarceration on each count to be served concurrently. ECF No. 15. Petitioner now seeks a writ of *audita querela* to challenge the application of the Career Offender enhancement, U.S.S.G. § 4B1.1, to his sentence. Petitioner also appears to challenge whether venue was proper in federal court.

"'The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)). "'Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Id.* (quoting same).

1

"The common law writ of audita querela permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" *Id*. (quoting *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990)). "Historically, audita querela existed as a remedy primarily for judgment debtors." *Id*. (citing same). "While the writ of audita querela has been abolished in civil cases, *see* Fed. R. Civ. P. 60(e), the writ is available in criminal cases to the extent that it fills gaps in the current system of post-conviction relief." *Id*. (citations omitted).

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence. . . . There is no gap to fill in the post-conviction remedies." *Id*. (finding that petitioner could not seek relief via a petition for writ of *audita querela* because his claim was cognizable under § 2255). Petitioner's claims are cognizable under 28 U.S.C. § 2255. Consequently, Petitioner cannot seek relief from his sentence via a writ of *audita querela*; for the reasons set forth above;

**IT IS** on this 23rd day of April 2018, hereby,

**ORDERED** that Defendant's motion for a writ of *audita querela* is **DENIED**; and it is further

**ORDERED** that Petitioner may seek further relief by filing a proper motion pursuant to 28 U.S.C. § 2255 and the rules, forms and procedures established thereunder; and it is further

**ORDERED** that Petitioner's next motion for relief, should he choose to file one, shall not be dismissed as a second or successive motion under § 2255(h) and will be duly considered on its merits by the Court.

        */s/ William J. Martini*
        **WILLIAM J. MARTINI, U.S.D.J.**