# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**RICHARD E. WANDELL, JR.** | No. 2:15-cr-491 (WJM)<br><br>**ORDER** |

### WILLIAM J. MARTINI, U.S.D.J.:

Pending before the Court is *pro se* Defendant Richard E. Wandell, Jr.'s ("Defendant") motion for compassionate release and a reduction in sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).[1] ECF Nos. 26, 27. The Court carefully considered Defendant's arguments, medical records, and other exhibits, and did not Order the Government to respond.

**WHEREAS**, Defendant is a fifty-three-year-old inmate at Federal Correctional Institution, Ray Brook ("FCI Ray Brook") in Ray Brook, New York, where he is serving a 155-month sentence after pleading guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). *See* Judgment, ECF No. 15. His projected release date, as calculated by the Bureau of Prisons ("BOP"), is April 22, 2026. Ex. D, Individualized Needs Plan, ECF No. 27; and

**WHEREAS**, on February 17, 2021, after exhausting his administrative remedies with the BOP, Defendant filed the present motion for compassionate release and a reduction in sentence in light of the ongoing Covid-19 pandemic. *See* Mot., ECF No. 26; Ex. A, Dec. 27, 2020 Email to Warden, ECF No. 27; and

**WHEREAS**, under the First Step Act, the Court may grant a defendant's motion for compassionate release if he or she demonstrates that (1) compelling and extraordinary reasons exist to justify such release, and (2) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of release. 18 U.S.C. § 3582(c)(1)(A). Within the context of the present pandemic, "[t]he 'extraordinary and compelling reasons' inquiry logically has two components: (a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the

---

[1] By way of letter filed May 20, 2021, the office of the Federal Public Defender for the District of New Jersey advised the Court that it had reviewed Defendant's medical history and would not be representing him on his present motion. ECF No. 30.

institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101 (KM), 2020 WL 4282747, at *3 (D.N.J. July 27, 2020); *United States v. Henderson*, No. 15-0329 (ES), 2020 WL 5055081, at *3 (D.N.J. Aug. 26, 2020) (quoting *Moore*); and

**WHEREAS**, Defendant argues that despite having contracted and recovered from Covid-19 in mid-January of 2021, his release is warranted because he suffers from obesity, hypertension, post-traumatic stress disorder ("PTSD"), and depression, which would make him more vulnerable to severe illness or death should he contract the virus again.[2] Mot. at 1, ECF No. 26. He also argues that because he has completed six years of his nearly thirteen-year sentence, he should be released so that he may return to New Jersey state custody, complete his parole violation sentence, and enter a halfway house. *Id.* He asks, however, that the Court delay in releasing him until June of 2021 so that he can complete his associate's degree from North Country Community College.[3] *Id.*; *see* Ex. D, School Transcript, ECF No. 27; and

**WHEREAS**, the Court cannot find that Defendant's medical conditions amount to extraordinary and compelling reasons, individually or in combination, to justify his release. First, while the Centers for Disease Control and Prevention ("CDC") indicate that obese individuals and individuals with hypertension are "more likely to get severely ill from Covid-19," it appears Defendant is appropriately managing his conditions with medication. *See* CDC, People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults (last visited May 24, 2021); Ex. B., Oct. 8, 2020 Clinical Encounter Administrative Note, ECF No. 27. Second, the Court does not take lightly Defendant's mental health concerns, but it is not clear how PTSD or depression increase his risk of severe complications from the virus. It appears Defendant is also appropriately managing these conditions with medications.[4] *See* Ex. B., Oct. 8, 2020 Clinical Encounter Administrative Note, ECF No. 27; and

---

[2] Defendant reports that he is five feet, three inches tall and weighs 205 pounds. Mot. at 1, ECF No. 26. At this height and weight, Defendant has a body mass index ("BMI") of 36.3 and is considered by the Centers for Disease Control and Prevention ("CDC") to be obese. *See* CDC, Adult BMI Calculator, available at https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited May 24, 2021).

[3] While the Court can certainly appreciate Defendant's academic achievements, his request to delay his release is at odds with the inherently emergent nature of a motion for compassionate release premised on Covid-19.

[4] Defendant states that the medications he takes to treat his hypertension, PTSD, depression, and acid reflux weaken his immune system. Mot. at 1, ECF No. 26. Even assuming that this is true, the Court cannot overlook that Defendant has already contracted and recovered from Covid-19. Defendant does not indicate whether he has been vaccinated or offered the vaccine at FCI Ray Brook, but receiving the vaccine would mitigate his concerns about contracting the virus a second time. His concerns are further minimized by the fact that there currently are no positive Covid-19 cases among inmates or staff at his institution. *See* BOP, Covid-19 Cases, available at https://www.bop.gov/coronavirus/ (last visited May 24, 2021).

2

**WHEREAS**, despite Defendant's medical conditions, he contracted and recovered from Covid-19 in mid-January of 2021. *See* Ex. B., Jan. 14, 2021 Clinical Encounter Administrative Note, ECF No. 27. Defendant has not argued, nor has he provided medical records that demonstrate, that he suffered severe symptoms or complications.[5] Courts in this District routinely deny compassionate release to inmates who have contracted and subsequently recovered from the virus. *United States v. Young*, No. 17-413 (SDW), 2021 WL 1961303, at *3 (D.N.J. May 17, 2021) (collecting cases); and

**WHEREAS**, based on the foregoing, the Court finds that Defendant has not presented "extraordinary and compelling reasons" warranting his release or a reduction in his sentence under the First Step Act. In so finding, the Court need not analyze whether the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) also weigh in favor of release;

**IT IS** on this 24th day of May, 2021,

**ORDERED** that Defendant's motion for compassionate release and a reduction in sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), ECF No. 26, is **DENIED**.

_____
WILLIAM J. MARTINI, U.S.D.J.

---

[5] To the contrary, the single Clinical Encounter Administrative Note that Defendant provides indicates that on January 14, 2021, he had a confirmed positive case of Covid-19 and was asymptomatic in quarantine. *See* Ex. B., Jan. 14, 2021 Clinical Encounter Administrative Note, ECF No. 27.